**Rosa Melvia MATA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–76619.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 4, 2008.

Elizabeth Torres, Foss and Torres, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Dorothy Schouten, Assistant U.S., USLA—Office of the U.S. Attorney, Los Angeles, CA, Ronald E. Le-Fevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Rosa Melvia Mata, native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying her application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's finding that the threats Mata received were not motivated, even in part, on account of a protected ground, *see Kozulin v. INS*, 218 F.3d 1112, 1116–17 (9th Cir. 2000), and were not made by the government or persons the government is unable or unwilling to control, *see Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

Because Mata did not establish asylum eligibility, it necessarily follows that she did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

We lack jurisdiction to review Mata's due process challenge based on the IJ's failure to adequately consider the threats made against her and the documentary evidence on country conditions, because she did not exhaust the issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

Mata's contention that the BIA's summary affirmance of the IJ's decision violates due process is foreclosed by *Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078–79 (9th Cir.2004).

Lastly, we lack jurisdiction to review any challenge to the IJ's denial of Mata's CAT claim because she failed to exhaust the issue before the BIA. *See Barron*, 358 F.3d at 677–78.

Mata's counsel is cautioned that her opening brief does not meet this court's standards. *See generally* Fed. R.App. P. 28; 9th Cir. R. 28–2.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**